UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JESUS GUADALUPE FELIX BURGOS, et al.,

Defendants.

2:11-CR-48 JCM (LRL)

**ORDER**

Presently before the court is defendant John Asher's objection/appeal to the district court from the magistrate judge's order of detention. (Doc. #41). The government filed an opposition. (Doc. # 47). Defendant filed a reply. (Doc. #50).

Defendant Asher was arrested and stands charged with conspiracy to distribute more than 50 grams of methamphetamine. On February 9, 2011, the magistrate judge ordered the defendant detained pending trial (doc. #29), holding that there was clear and convincing evidence that he was a flight risk and a danger to the community. Specifically, the judge held that

> ...the defendant poses a risk of non-appearance and a danger to the community based on the information provided to the [c]ourt by the [p]retrial [s]ervices report and the government's proffer. The defendant's criminal history report reflects arrests and convictions for drug related offenses one of which was a felony conviction, and arrests for parole violations. The record also indicates that the defendant has used multiple alias names. The defendant does have a prior history of employment but has been unemployed for the past year but advises he is seeking employment. Additionally, he does have some financial assets and has been residing in Las Vegas, Nevada for the past 17 years and does have ties to the community. The defendant is alleged to have committed offenses which involve a similar type of conduct for which he previously

**James C. Mahan**
**U.S. District Judge**

> sustained a felony conviction and a parole violation and arrest and if convicted faces a potentially lengthy sentence.

(Doc. #29). Pursuant to the Bail Reform Act of 1984, a court may detain a defendant if the government can establish that no release conditions "will reasonably assure the appearance of the person and the safety of any other person in the community." 18 U.S.C. 1342(f); *United States v. Salerno,* 481 U.S. __, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *United States v. Walker,* 808 F.2d 1309 (9th Cir. 1987).

In determining this, the court will consider (1) the nature and the seriousness of the offense charged, (2) the weight of the evidence against the defendant, (3) defendant's character, (4) physical and mental conditions, (5) family and community ties, (6) past conduct, (7) history relating to drug and alcohol abuse, (8) criminal history, and (9) nature and seriousness of danger to any person or community that would be posed by defendant's release. *See U.S. v. Motamedi,* 767 F.2d 1407 (9th Cir. 1985);18 U.S.C § 3142(g).

<u>Defendant's Objection/Appeal</u>

In the present objection/appeal (doc. #41), the defendant requests that he be released pending trial with the following conditions; "electronic monitoring, house arrest, tracking through the Global Positioning System, a daily reporting requirement, abstain from drug or alcohol use, drug testing, drug counseling, third party custody, and a personal recognizance signature bond." He asserts that these conditions will alleviate any concerns expressed by the court.

<u>Community Ties/ Family Support/ Employment History</u>

Further, defendant asserts that his substantial family/community support and ties to the Las Vegas community support a finding that he is not a flight risk nor a danger to the community. Defendant Asher is a 45-year old man who has lived in Las Vegas since 1994, and has one prior felony. Defendant asserts that he is in a serious relationship with a woman and has a child with her. In addition to taking care of their child, the defendant cares for her two other children, his two children from a previous relationship, and has been the primary care giver for his ex-girlfriend's child since he was born. He asserts that this is a sign of his character and his family commitment.

The defendant is a high school graduate who then became an electrician. He was consistently employed until 1999, when he was incarcerated for his felony conviction. After his release in 2001, defendant asserts that he joined the union and had steady employment thereafter. He only recently became unemployed after the completion of the City Center. Prior to his release from work, he was able to purchase a home for his family. He asserts that he is actively seeking employment and is number 57 on the union list. (Doc. #41-4). The defendant provided the court with letters from previous employers and friends testifying that he is hardworking, trustworthy, reliable, and a loving father. (Docs. #5-8).

Criminal History

In addition to demonstrating his family and his employment history, defendant asserts that "there was no specific allegation as to how [he] posed a danger to the community at large." The only assertion that the judge made was that he had a criminal history and a previous drug problem. He asserts that he no longer has a drug problem, as is evidenced by his completion of counseling in May of 2010. (Doc. #41-9). As to his criminal history, pretrial services reported that he has a misdemeanor conviction in 1999 for possession, a felony from 1999 for drug trafficking, a misdemeanor in 2000 for possession, and that he violated his parole on two occasions, the latest being in 2006. Further, in 2009, he had two misdemeanor convictions, one for possession and one for failure to register as an ex-felon. He admits that he failed to appear in traffic related offenses which are very old.

Government's Opposition

The government opposes releasing the defendant because he has presented no new information to this court that would warrant pretrial release. Pursuant to 18 U.S.C. § 3141(f)(2), a defendant cannot prompt a court to reopen a detention order without demonstrating that a defendant has "new information" not known to the defendant at the time of the detention hearing and that "has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

The government asserts that the defendant "argued his status as a family man, sharing his home with adult females and numerous children," and "that he had a good-paying [u]nion job" at the

1  initial hearing. The only additional information he provided in his motion was letters of support and
2  reference, and proof of ownership of his home[1]. Beyond not providing the court with any additional
3  information, the government asserts that the factors set forth in 18 U.S.C § 3142(g) support a finding
4  of detention.

5  First, the government asserts that it has substantial evidence, i.e. wiretaps, that prove that he
6  was an "active conspirator" who "regularly made purchases of methamphetamine from co-defendant,"
7  and that the crime he is charged with is serious, because he is facing a minimum of 20 years as a
8  result of his prior felony conviction.

9  Next, the government asserts his history and characteristics establish that he is a flight risk
10 because of his admitted drug use and inability to cope with the possibility of being incarcerated. Asher
11 admitted that he used drugs on the weekends and had dealers deliver drugs to his home, which the
12 government contends rebuts his assertion that he is a "family man" that takes care of and looks after
13 the well-being of his children. Further, the government asserts that his "meltdown" during his
14 arraignment, where "he completely lost composure and fell over on the ground shaking," evidences
15 that the possibility of incarceration would be too much for him to handle, resulting in a likelihood to
16 flee.

17 Lastly, the government asserts that his past conduct demonstrates that "he cannot obey
18 conditions of release, a requirement which is the touchstone of whether or not to order detention."
19 *United States v. Salerno,* 481 U.S. 739, 747 (1987). The record indicates that he violated parole and
20 sustained numerous arrests related to drug trafficking and possession. Further, his multiple failures
21 to appear in court for his mere traffic tickets give rise to the conclusion that he would not be trusted
22 to appear in court when he is facing twenty years or more in prison.

23 Conclusion

24 After being presented with "credible testimony and information" at the hearing and

---

[1] The government asserts that the evidence of his home ownership fails to include information about equity or clear title, as required by this court's notice regarding posting of real property.

**James C. Mahan**
**U.S. District Judge**

- 4 -

considering the defendant's individual situation[2], the magistrate judge determined that defendant Asher was a flight risk and a risk to the community. (Doc. #29). As the defendant has failed to provide the court with any "new information" that was not presented to the magistrate judge, and as the factors set forth in 18 U.S.C § 3142(g) weigh in favor of detention, this court is not inclined to grant the defendant's request for release. 18 U.S.C. § 3141(f)(2)

Accordingly,

IT IS HEREBY ORDERED ADJUDGED DECREED that defendant John Asher's objection/appeal to the district court from the magistrate judge's order of detention and request for pretrial release (doc. #41) be, and the same hereby is, DENIED.

DATED March 10, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The magistrate judge's order clearly demonstrates that the court considered his community ties, his employment history, and his criminal history.

**James C. Mahan**
**U.S. District Judge**

- 5 -